JS - 6

O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAU A. DAVIS,<br><br>                Plaintiff,<br><br>          vs.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>            Defendants. | ) Case No. CV 15-0313-JGB (JPR)<br>)<br>)<br>) ORDER DISMISSING PLAINTIFF'S<br>) COMPLAINT FOR FAILURE TO<br>) PROSECUTE AND FOR THE REASONS<br>) STATED IN THE MAGISTRATE JUDGE'S<br>) MARCH 24, 2015 ORDER<br>)<br>) |

Plaintiff, apparently a pretrial detainee at Men's Central Jail in Los Angeles, filed pro se a civil rights action on January 15, 2015, and paid the full filing fee. On March 24, 2015, the Magistrate Judge dismissed the Complaint with leave to amend because it suffered from numerous deficiencies. She expressly warned Plaintiff that if he failed to timely file a sufficient amended complaint by April 21, 2015, his lawsuit would be subject to dismissal for the reasons stated in the Order and for failure to prosecute. To date, Plaintiff has not filed an amended complaint.

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R.

Co., 370 U.S. 626, 629-30 (1962) ("The power to invoke
[dismissal] is necessary in order to prevent undue delays in the
disposition of pending cases and to avoid congestion in the
calendars of the District Courts.").

In determining whether to dismiss a pro se plaintiff's
action for failure to prosecute, a court must consider "(1) the
public's interest in expeditious resolution of litigation; (2)
the court's need to manage its docket; (3) the risk of prejudice
to the defendants; (4) the public policy favoring disposition of
cases on their merits[;] and (5) the availability of less drastic
sanctions." Carey, 856 F.2d at 1440 (internal quotation marks
omitted). Unreasonable delay creates a rebuttable presumption of
prejudice to the defendants that can be overcome only with an
affirmative showing of just cause by the plaintiff. See In re
Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors
militate in favor of dismissal. In particular, Plaintiff has
offered no explanation for his failure to file an amended
complaint. Thus, he has not rebutted the presumption of
prejudice to Defendants. No less drastic sanction is available,
as Plaintiff has ceased communicating with the Court, and the
Court is therefore unable to manage its docket. Although the
fourth Carey factor weighs against dismissal — as it always does
— together the other factors outweigh the public's interest in
disposing of the case on its merits. See Ferdik v. Bonzelet, 963
F.2d 1258, 1261-62 (9th Cir. 1992) (upholding dismissal of pro se
civil-rights action for failure to timely file amended complaint
remedying deficiencies in caption); Baskett v. Quinn, 225 F.

2

App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed (1) under the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute and (2) for the reasons outlined in the Magistrate Judge's March 24, 2015 Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 26, 2015

JESUS G. BERNAL
U.S. DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge