**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KAMAU A. DAVIS,

Plaintiff,

v.

COUNTY OF LOS ANGELES et al.,

Defendants.

Case No. CV 15-0313-JGB (JPR)

ORDER PARTIALLY ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE AND DISMISSING ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(b) AND FOR FAILURE TO STATE A CLAIM

Plaintiff has made clear that he will not comply with the Court's orders, as he continues to file deficient complaints and refuses to explain the status of his underlying state criminal cases.[1] Accordingly, the Court denies Plaintiff's request for leave to file an amended complaint and dismisses his lawsuit without leave to amend. The Court also accepts the Magistrate

[1] Plaintiff was apparently charged in Los Angeles County Superior Court case number NA095696 with murder, attempted murder, and assault with a firearm and in case number NA091042 with attempted robbery and assault with a semiautomatic firearm. See Criminal Case Summary, Superior Ct. of Cal., Cnty. of L.A., http://www.lacourt.org/criminalcasesummary/ui/index.aspx (search for case nos. NA095696 and NA091042) (last accessed Mar. 22, 2016). It appears that the two cases have been consolidated and are still pending. Id.

Judge's findings and recommendations in the October 19, 2015 Report and Recommendation except to the extent she recommends dismissal based on Plaintiff's failure to file a second amended complaint, given that he subsequently did so, as well as her findings and recommendations in the March 24 and August 31, 2015 orders dismissing Plaintiff's complaints with leave to amend.

## BACKGROUND

Plaintiff, apparently a pretrial detainee at Men's Central Jail in Los Angeles, filed pro se a civil-rights action on January 15, 2015, and paid the full filing fee. On March 24, 2015, after screening the Complaint under 28 U.S.C. § 1915A, the Magistrate Judge dismissed it with leave to amend, finding that it sued private parties who were not alleged to be state actors, sued prosecutors who appeared to be entitled to absolute prosecutorial immunity, and was likely premature or barred under Heck v. Humphrey, 512 U.S. 477 (1994), among other things. The Magistrate Judge ordered Plaintiff to file a first amended complaint remedying those deficiencies by April 21, 2015. She also ordered him to "clarify the status of his criminal cases" in any amended complaint and admonished him, in bold-faced type, that if he failed to timely file a sufficient amended complaint, the Court might dismiss this action with prejudice. (Mar. 24, 2015 Order at 6 n.4, 11.)

On May 26, 2015, the District Judge dismissed this action because Plaintiff had not timely submitted an amended complaint or requested an extension of time in which to do so and for the reasons discussed in the March 24 Order. On June 22, 2015, Plaintiff moved to alter or amend the judgment, asserting that he

never received a copy of the March 24 Order. On July 10, 2015, the District Judge granted Plaintiff's motion, vacated the dismissal order and judgment, and ordered Plaintiff to file an amended complaint by August 7.

On August 13, 2015, Plaintiff filed a First Amended Complaint ("FAC"). On August 31, 2015, the Magistrate Judge dismissed the FAC with leave to amend, noting that its allegations were nearly identical to those in the original Complaint and that Plaintiff had "failed to remedy most of the deficiencies identified in the Court's March 24 Order." The Magistrate Judge further explained that some claims were barred by absolute prosecutorial immunity; the claims against private parties failed because Plaintiff had not sufficiently alleged them to be state actors; his tort-in-essence claim failed because none of the cited criminal statutes provided a private right of action; his claims appeared to be premature or barred under Heck; and the FAC failed to comport with Federal Rule of Civil Procedure 8 because it contained "mostly conclusory allegations and few facts." (Aug. 31, 2015 Order at 5.) The Magistrate Judge nonetheless gave Plaintiff "one more opportunity to remedy his lawsuit's deficiencies" and ordered him to file an amended complaint by no later than September 28. (Id. at 3, 15-16.) She also noted that Plaintiff had failed to explain the status of his criminal cases in the FAC (id. at 7) and again ordered him to do so, as well as explain "which of his allegations relate to actions taken in which of his criminal cases, or whether they implicate both" (id. at 9). She again admonished him, in bold-faced type, that if he failed to timely file a sufficient amended

complaint, the Court might dismiss this action with prejudice. (Id. at 16.)

Plaintiff failed to file an amended complaint, and on October 19, 2015, the Magistrate Judge issued a report and recommendation recommending that the action be dismissed for failure to prosecute and for the reasons discussed in her March 24 and August 31, 2015 orders. On November 2, 2015, Plaintiff filed objections to the R&R, claiming under penalty of perjury that on September 7, he had given a proposed second amended complaint to jail authorities for mailing to the Court. He did not include with his filing a copy of the proposed amended complaint or the jail's mail log.

On November 9, 2015, the Magistrate Judge noted that Plaintiff had previously claimed to have had problems with the mail without providing any independent evidence in support; she therefore ordered him to submit by November 23 his proposed amended complaint and a copy of the jail mail log showing that he gave something to jail authorities for mailing on or around September 7. The Magistrate Judge warned that if he did not do so, "his lawsuit will be subject to dismissal for that reason in addition to those in the R&R." (Nov. 9, 2015 Order at 1.) On December 4, 2015, Plaintiff requested a 60-day extension of time to file his amended complaint, stating that he had "inadvertently" given his amended complaint to his private investigator for mailing, not to jail staff, as he had previously claimed, and did not have another copy of it.[2] The Magistrate

---

[2] Plaintiff claims that his investigator "mailed the amended complaint from the post office" (Dec. 4, 2015 Mot.

Judge granted his request on December 8, 2015. On February 8, 2016, Plaintiff filed a "Motion for Leave to File an Amended Complaint" and lodged a Second Amended Complaint ("SAC").

In the SAC, Plaintiff seeks to add the "IRS, Department of Treasury" as a plaintiff (SAC at 1) because, he claims, the IRS has an "interest in collecting" his 2011 tax debt (Mot. Leave File Am. Compl. at 1; SAC at Ex. A). He sues the City of Los Angeles, the Los Angeles Police Department, the County of Los Angeles, and "Sprint – Corporate Security" in their official capacity and detectives Rogelio Sandoval and S. Coffee, Deputy District Attorney Patrick O'Crowley, and Sprint employees Sandy Yang, Ronnell Williams, and Chad Howell in their individual capacity. (SAC at 3-5.) Like the original Complaint and FAC, the SAC alleges claims for (1) "false arrest and false imprisonment by all the Defendants in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution and Art. I §§ 7 and 13 of the California Constitution," (2) "malicious prosecution" and "conspiracy to maliciously prosecute," (3)

---

Enlargement Time at 2), but to date the Court has not received that document. Rather, it received a Second Amended Complaint dated February 2, 2016, which according to the proof of service was mailed from the jail that same day. In any event, Plaintiff's allegation that he gave the amended complaint to his investigator conflicts with his earlier assertion under penalty of perjury that on September 7, 2015, he gave the amended complaint to jail officials for mailing to the Court. (See Nov. 2, 2015 Objections at 1.) If Plaintiff is referring to two different copies or versions of the amended complaint – one that was given to jail authorities and the other to his investigator – then he has failed to comply with the Court's order that he submit the jail mail log showing that he submitted something to jail authorities for mailing on September 7. If he refers to only one document, then his November 2 statement under penalty of perjury was false.

"Fourteenth Amendment procedural due process violations that 'shock the conscience,'" (4) "tort in essence claim" that Defendants "breached their non-consensual duties arising out of" various "mandatory California Penal Code sections," and (5) violations of "legislatively enacted expectations of privacy that trigger Fourth Amendment protections." (Id. at 6; see also Compl. at 7 (raising identical claims); FAC at 5 (same).) Plaintiff seeks millions of dollars in compensatory and punitive damages as well as unspecified declaratory and injunctive relief. (Id. at 13.) He nowhere in the SAC explains the status of his underlying criminal cases, as he has twice been instructed to do.

**DISCUSSION**

Under Federal Rule of Civil Procedure 41(b), "the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (as amended) (affirming district court's dismissal of action because pro se plaintiff failed to follow order to comply with Fed. R. Civ. P. 10(a) by listing each defendant in caption of complaint). Indeed, district courts have inherent power to control their dockets, including the authority to dismiss lawsuits. Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)). Because dismissal is a harsh penalty, it should be imposed only in "extreme circumstances." Id. But the harshness of the penalty is "directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

Here, Plaintiff has clearly failed to comply with the March

24 and August 31, 2015 orders, as the SAC flouts most of their instructions. For example, the orders clearly advised Plaintiff that he could not name private parties as defendants based solely on his conclusory allegations that they conspired with state actors (see Mar. 24, 2015 Order at 9-10; Aug. 31, 2015 Order at 12-14), but the SAC continues to name the same private parties as the earlier complaints without including sufficient supporting facts (see SAC at 5, 11 (asserting that officer Defendants and Sprint "entered into an additional agreement to block Plaintiff from receiving any information and to conspire together against the Plaintiff in malicious prosecution")). And although Plaintiff attached to the SAC letters from various Sprint "subpoena specialists" stating that they were providing records in accordance with certain subpoenas (see SAC at Exs. D, F, G, H), the Court previously informed Plaintiff that a private party's merely providing information to a state actor does not constitute joint action under color of state law (see Aug. 31, 2015 Order at 13). The SAC also includes a tort-in-essence claim that is identical to the one in the FAC and nearly identical to the one in the Complaint (compare SAC at 6 with Compl. at 7 and FAC at 5) even though the August 2015 Order advised him that his claim was not viable (see Aug. 31, 2015 Order at 14-15).

The August 31, 2015 Order also advised Plaintiff that his claims did not comport with Federal Rule of Civil Procedure 8 because they were not supported by sufficient factual allegations. For example, Plaintiff failed to explain how any Defendant misled the judge into finding probable cause for a search warrant, why any of the information sought by Defendants

was "protected," and what "legislative enactments" created the expectation of privacy that he claims Defendants violated. (See Aug. 31, 2015 Order at 5-6.) Plaintiff has failed to remedy those deficiencies in the SAC. (See, e.g., SAC at 6 (alleging that Defendants "violated legislatively enacted expectations of privacy that trigger Fourth Amendment protection"), 8 (alleging that Defendant Sandoval "misled the magistrate in making multiple false statements which would not have amounted to probable cause"), 9 (alleging that Defendant O'Crowley sought "privacy protected information" from Sprint and that that information "was provided without judicial process in violation of the Plaintiff's expectation of privacy"); see also SAC at 10.)[3] Moreover, the Court has twice ordered Plaintiff to explain the status of his underlying criminal cases and he has still failed to do so. (See Mar. 24, 2015 Order at 6 n.3; Aug. 31, 2015 Order at 8-9.) As such, the Court is unable to determine whether Plaintiff's claims

[3] The SAC also contains new deficiencies. For example, Plaintiff seeks to add the "IRS, Department of Treasury" as a plaintiff "due to the government's interest in collecting" the approximately $14,000 he apparently owes for his 2011 taxes. (Mot. Leave File Am. Compl. at 1; SAC at 1, Ex. A.) But nothing indicates that the IRS seeks to be a party in this case, nor does it have any involvement in Plaintiff's underlying claims. Moreover, in federal court, a nonattorney pro se litigant may represent only himself, not "other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (holding that pro se litigant had "no authority to appear as an attorney for others than himself"); 28 U.S.C. § 1654 (in federal court, "parties may plead and conduct their own cases personally or by counsel").

are now or could in the future be barred by Heck.[4] This lawsuit therefore is subject to dismissal for Plaintiff's failure to follow the Court's orders as well as for the reasons set forth in the March 24 and August 31, 2015 orders and some of the reasons set forth in the October 19, 2015 R&R.

Before dismissing a lawsuit under Rule 41(b), a court should weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik, 963 F.2d at 1260-61 (citation omitted).

Here, the first, second, third, and fifth Ferdik factors all militate in favor of dismissal. As to the first two factors, this lawsuit has been pending since January 2015, more than fourteen months, and despite numerous orders, an R&R, and the Court's vacating an earlier dismissal, Plaintiff still has not filed a viable complaint. See id. at 1261 (noting that first two factors "strongly support" dismissal when case "dragged on for over a year and a half before it finally was dismissed" and "consumed large amounts of the court's valuable time"). Moreover, because Plaintiff refuses to delete his frivolous claims, fails to allege sufficient facts to give Defendants notice of his claims against them, and continues to sue private

---

[4] Indeed, Heck is clearly implicated by the SAC given that Plaintiff apparently filed "multiple" motions in state court challenging a "warrantless seizure," various warrants, and the search of his home, all of which were denied. (See SAC at 10.)

parties who appear not to be subject to suit under § 1983, Defendants will be burdened by having to defend themselves in court against baseless claims, implicating the third factor. Further, Plaintiff's unreasonably delaying this lawsuit gives rise to a presumption of prejudice to Defendants, which he has not rebutted. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994); see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (stating that law "presumes prejudice from unreasonable delay"). The Court cannot take any less drastic sanction because it has already twice advised Plaintiff of the deficiencies of his complaint and he still refuses to correct them.[5] That is particularly true given that the Magistrate Judge twice warned Plaintiff that his failure to file a sufficient amended complaint could result in dismissal. (See Mar. 24, 2015 Order at 11; Aug. 31, 2015 Order at 16); see Seto v. Thielen, 519 F. App'x 966, 969 (9th Cir. 2013) (upholding dismissal of complaint when "[p]laintiffs repeatedly failed to comply with the district court's orders to remedy the drastic shortcomings of their pleadings" and they "were warned several times that failure to comply . . . would result in automatic dismissal"); Ferdik, 963 F.2d at 1261 (upholding dismissal of complaint even though civil-rights plaintiff was pro se because

---

[5] Plaintiff may, of course, stand on his claims as pleaded rather than amend them. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-64 (9th Cir. 2004). But that does not obligate the Court to order his complaint served; rather, the Court may consider an "election not to amend at face value, enter[] a final judgment dismissing all claims with prejudice, and allow[]" Plaintiff to seek immediate appellate review. Id. at 1064. That is the appropriate course here.

he had been given two opportunities to amend it, had failed to correct deficiencies, and had been warned of likelihood of dismissal).[6] The Court has been particularly solicitous of Plaintiff's status as an incarcerated pro se litigant by vacating the earlier dismissal of his case and allowing him to submit amended complaints even though they were untimely, and yet he has still failed to comply with its orders. And although the fourth Ferdik factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits, particularly given that the SAC does not state a claim.

---

[6] Plaintiff also failed to comply with the Magistrate Judge's November 9, 2015 order that he submit a mail log, instead changing his story to claim that he did not give the amended complaint to jail authorities, as he had asserted in his November 2, 2015 Objections, but rather to his private investigator.

**ORDER**

It therefore is ORDERED that Plaintiff's request for leave to file the SAC is DENIED and this action is dismissed under the Court's inherent power to achieve the orderly and expeditious disposition of cases and for the reasons stated in the Magistrate Judge's March 24 and August 31, 2015 orders and some of those in the October 19, 2015 R&R.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 29, 2016

JESUS G. BERNAL
U.S. DISTRICT JUDGE